UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Nicole Wrightsell, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br> -v.-<br>ATG Credit, LLC,<br><br>          Defendant(s). | C.A. No: 1:22-cv-5911<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Nicole Wrightsell (hereinafter, "Plaintiff"), an Illinois resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against the Defendant ATG Credit, LLC (hereinafter, "Defendant" or "ATG"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

  1.  Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the parties reside as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Illinois consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Illinois, County of Cook.

8. Defendant ATG is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal office address located at 1700 West Cortland, #205, Chicago, Illinois 60622.

9. Upon information and belief, Defendant ATG is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of Illinois;

   b. to whom the Defendant ATG sent a collection letter attempting to collect a consumer debt;

   c. despite there being an amount past due of $0, interest of $0, fees of $0, and payments/credits of $0;

   d. which letter, without explanation, only charges for "Total amount of the debt now;"

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and l692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and l692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to April 20, 2022, an obligation was allegedly incurred to the creditor, American InterContinental University ("AIU"), a non-party to the instant lawsuit.

5

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes. Specifically, for financing education.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, AIU contracted with the Defendant ATG for the purpose of debt collection. Therefore, Defendant ATG is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations – April 20, 2022 Collection Letter*

26. On or about April 20, 2022, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the debt allegedly owed to AIU. (*See* "Letter" at Exhibit A).

27. The Letter lists the total amount owed on January 30, 2020 as $0.

28. The Letter lists the "Total amount of the debt now [April 20, 2022]" as $2,827.00.

29. However, the Letter also inexplicably sets forth that, since the zero ($0) balance on January 30, 2020, the interest charged was $0, the fees charged was $0, and payments/credits made was $0.

6

30. Thus, the Letter, *without explanation* and despite the account being $0 past due, seeks to collect the *mathematically impossible* "Total amount of the debt now" of $2,827.00.

31. If the amount past due is zero ($0) it is nonsensical to be in collections at all.

32. The Letter contradicts itself by stating an amount past due of zero ($0), then a "Total amount of the debt now" of $2,827.00.

33. These amounts are nonsensical.

34. These amounts are contradictory.

35. If the debt was zero ($0) as of January 30, 2020, and nothing was charged or paid, then it cannot currently be $2,827.00.

36. If the debt is now $2,827.00, then the debt accrued after January 30, 2020.

37. But the Defendant's Letter does not provide for any interest, fees and/or charges during that time.

38. As it appears from the Letter, Defendant is attempting to collect a debt that is fraudulent on its face.

39. Defendant is improperly claiming an incorrect balance owed on an alleged debt.

40. The amounts listed do not add up and therefore do not make sense.

41. Nor does the Letter note that the balance may change.

42. Nor does the Letter explain why the balance has changed.

43. No reason is given for this mysterious increase on the account.

44. Because of the conflicting amounts due, Plaintiff suspected the Letter might be fraudulent or suspect, in whole or in part.

45. This Letter leaves open the possibility that this mysterious, unnamed, unlisted credit, payment, charge or charges could be added back, or that additional changes for the same or a

different amount could be added for the same reason – whatever it was – that this mysterious change appeared in the first place.

46. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the amount of her obligation is static or dynamic.

47. Plaintiff has therefore been misled as to whether paying the listed balance will close the account, or whether another charge might impact the debt, so that more than the current balance would be needed to close the account.

48. Or that if she paid the amount listed, she would be overpaying.

49. Defendant is required to advise the Plaintiff what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest, or other additions, that will cause the balance to increase.

50. The Letter is misleading because the Plaintiff could conclude that the total amount stated as due was due at any time, when in fact it was changing.

51. If the Plaintiff pays the allegedly "Total amount of the debt now" as stated on the Letter, she does not know whether the debt has been paid in full.

52. Defendant could change the balance again.

53. Or the Defendant could sell the Plaintiff's debt to yet another third party, which itself could change the balance again, or subtract out whatever amounts have mysteriously been added.

54. The FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees, or other charges.

55. Alternatively, in light of the amounts stated in the Letter and the implication that additional charges could be accruing (or added back in), then if, in fact, no additional amounts are accruing, Defendant must so state.

56. Without such a statement, the Letter is deceptive, misleading, and unfair.

57. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is getting bigger (dynamic) and one of which will never get bigger (static), Plaintiff would pay the dynamic debt first.

58. Defendant cannot imply or suggest that there may be additional charges or reductions when in fact there will not be additional charges or reductions.

59. That false advice could incentivize the Plaintiff to pay the debt, or not pay the debt, at a time when, if accurately advised, she would do the opposite.

60. A changing balance is a quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual, or refrain from paying as a means of taking advantage of a shrinking balance.

61. Plaintiff does not know why the mysterious additions were made nor whether it might be removed again after some period of time if the debt remained unpaid.

62. The Letter is therefore false, deceptive, misleading, and unfair.

63. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and cannot properly evaluate the demand for payment or how to address it.

64. Plaintiff was therefore unable to make payment on the debt.

65. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

66. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that she did indeed owe the debt.

67. Defendant's conduct prevented the Plaintiff from acting in the way she would have otherwise acted had the Defendant's Letter not been improper.

68. Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Letter itself demanding payment did not make sense.

69. Defendant's actions caused the Plaintiff to suspect there was fraud involved with this collection.

70. Because of the Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

71. She spent this trying to determine how much the alleged debt was in reality.

72. She spent this trying to determine from which component parts this debt was comprised.

73. She spent this trying to determine how this debt came to be the alleged balance despite conflicting information in the Letter.

74. She spent this trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

75. She spent this trying to mitigate harm in the form of dominion and control over her funds.

76. She spent this trying to mitigate the harm of the Defendant's negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

77. Plaintiff suffered from fear, anxiety and stress, which manifested physically in the form of lost sleep, because of the Defendant's improper acts.

78. Plaintiff disputes the amount of this alleged debt.

79. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

80. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

81. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

82. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

83. Plaintiff is entitled to receive proper notice of the amount of the debt, as required by the FDCPA.

84. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

85. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

86. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

87. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's

ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

88. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

89. As described above, Plaintiff was misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

90. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

91. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, the Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

92. Plaintiff repeats the allegations above as if set forth here.

93. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

94. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

95. Defendant violated §1692e:

   a. As the Letter falsely represents the true character and/or amount of the debt in violation of §1692e(2)(A); and

   b. By making false and misleading representations/omissions in violation of §1692e(10).

96. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

97. Plaintiff repeats the above allegations as if set forth herein.

98. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

99. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
> 2. The name of the creditor to whom the debt is owed;
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of

    the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

100. Defendant violated this section by failing to provide the amount of the debt because it provided multiple conflicting balances without explanation concerning the discrepancy thereby overshadowing the information.

101. Defendant in turn continued to collect the debt from the Plaintiff without providing a proper "G Notice."

102. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

103. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Nicole Wrightsell, individually and on behalf of all others similarly situated, demands judgment from the Defendant ATG Credit, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 26, 2022          Respectfully Submitted,

**STEIN SAKS, PLLC**

/s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Ph: (201) 282-6500
Fax: (201) 282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*